FRANKLIN .FALLS PULP CO. *v.* FRANKLIN.

A vote of a town to exempt from taxation "any establishment hereafter erected in this town for the manufacture of fabrics" etc., is not sufficient, under the statute, to exempt a manufacturing establishment etc., afterwards erected, which was not mentioned in the vote.

Parol evidence is not admissible to vary or explain a vote of a town as recorded.

PETITION for the abatement of taxes assessed in 1887.

*D. Barnard, F. N. Parsons,* and *W. L. Foster,* for the plaintiffs.

*Sanborn & Hardy,* for the defendants.

CLARK, J.    "Towns may by vote exempt from taxation, for a term not exceeding ten years, any establishment therein, or proposed to be erected and put in operation therein, and the capital used in operating the same, for the manufacture of fabrics of cotton, wool, wood, iron, or any other material, and such vote shall be a contract binding for the term specified therein."    G. L., *c.* 53, *s.* 10. Under an appropriate article in the warrant, at the annual March meeting in 1881, the town of Franklin voted "That this town hereby votes to exempt from taxation, for a term of ten years from this date, any establishment hereafter erected in this town for the manufacture of fabrics of cotton, wool, wood, iron, or any other material, or any machinery hereafter purchased and operated in any building already erected and not now in use, and the capital used in operating the same. *Providing,* That in every case, to entitle any person or party to the benefit of such exemption, the amount invested in such manufacturing establishment or machinery, and the capital used in operating the same, shall be for each person or party so claiming exemption not less than three thousand dollars."

Shortly after the meeting, the plaintiffs, on the faith of the vote, bought real estate of the value of $9,000, and in the course of a year expended in improvements thereon and in machinery over $50,000. During a period of five years they were assessed and paid a tax upon the real estate at its unimproved value, and the capital invested in the improvements and machinery was exempted from taxation, in conformity with the vote of 1881.    A question being raised as to the validity of the exemption, an article was inserted in the warrant for the annual meeting in March, 1887, and the following resolution was passed: "*Resolved,* That the town has no desire to deny to any person or corporation any legal or equitable right secured under the vote of March 8, 1881, but as doubt exists as to what property, if any, is entitled to exemption under that vote, and as to the power of the town to exempt, the selectmen are

instructed to tax all property claimed as exempt under said vote, in order that the parties claiming exemption, if they desire, may have their legal and equitable rights determined by the court." In consequence of this action of the town, the plaintiffs were assessed in 1887 for the full value of the property, including the improvements and machinery, and they now ask for an abatement of the tax.

The statute authorizing towns to grant exemption from taxation (G. L., *c.* 53, *s.* 10) was considered in *Cox Needle Co.* v. *Gilford,* 62 N. H. 503. It is there said that "The statute was intended to empower towns to exempt from taxation such manufacturing establishments as may be, at the time of the vote, proposed to be erected or put in operation on condition that they be exempted. This is the natural and ordinary meaning of the language used, which in general affords the best interpretation of statutes and of all written instruments. This construction is confirmed by the last clause of the act, providing that ' such vote shall be a contract binding for the term specified therein.' From this language the inference is strong that the legislature intended the vote of a town to be taken upon a proposition or offer of the owner or operator of existing or proposed establishments, because otherwise the vote could not be a contract at the time of its passage. A vote exempting all manufacturing establishments thereafter erected or put in operation, until accepted and acted upon by creating them or by putting them in operation, would be, not a contract, but a proposition on the part of the town which it might withdraw or rescind at any time." Under the interpretation of the exemption statute adopted in *Cox Needle Co.* v. *Gilford,* the vote of the town of Franklin " to exempt  .  .  .  any establishment hereafter erected  .  .  . " was invalid. It was merely a general proposition of exemption on the part of the town, and unauthorized.

It appears that before the annual town-meeting in March, 1881, Mr. Daniell, then an owner in an unoccupied woollen-mill known as Sawyer's mill, went to the selectmen and procured the insertion in the warrant for the annual meeting of the article for the exemption from taxation of new manufactories and machinery. At the annual meeting, when the article in the warrant for exemption came up, Daniell, in behalf of himself and other owners of the Sawyer mill, in open meeting, proposed, if exemption should be voted, to place machinery in the woollen-mill and set it in operation, and that the same parties would erect or procure the erection of a pulp-mill. His first proposition was, that not less than $25,000 should be expended and invested in a single enterprise to entitle it to exemption. This meeting with some opposition, the amount to be invested to entitle the property to exemption was placed at $10,000; and after discussion, in which it appeared that others with smaller capital might desire to engage in some manufacturing business if the exemption was extended to them, the sum of $3,000

was proposed and adopted as the smallest sum to be invested in a manufacturing enterprise to entitle the outlay to exemption from taxation. The erection and operation of the plaintiffs' pulp-mill depended upon the vote of exemption from taxation. Acting upon the vote, Mr. Daniell supplied the Sawyer woollen-mill with machinery, commenced operating it, and subsequently sold it to other parties, who have since that time operated it. In view of the vote to exempt new manufacturing enterprises from taxation, the plaintiff company was organized, purchased land and water-power, expended above $100,000 in the erection of mills and machinery, put them in operation, and have continued to operate them since that time in the manufacture of pulp and paper. From that time until 1887 the plaintiffs' mills were not taxed, the taxable value being estimated at $75,000. The plaintiffs erected their mills and operated them with faith in the vote of exemption of 1881, and would not have made the outlay but for that vote. The vote of exemption did not specify any particular enterprise, although no definite proposition for starting new mills or other enterprises was made to the meeting except that of Mr. Daniell. The vote was general, and was intended to include all new manufacturing enterprises whose value should equal or exceed $3,000. It was intended by the vote to accept Mr. Daniell's proposition, and those of any others who might comply with the vote.

Parol evidence of these facts is offered to show that the vote of the town was passed in consequence of a proposition by parties interested in the plaintiff company to erect a pulp-mill if exemption was voted. Parol evidence is not admissible to vary or explain the vote as recorded. The record is the only competent evidence of the vote, and it is conclusive. *Sawyer* v. *Railroad*, 62 N. H. 135. The record of the vote cannot be amended, because it appears upon the facts found that the record is correct. The town intended just what the record of the vote shows—a general proposition of exemption to any establishment or parties complying with the conditions of the vote.

It is urged that the resolution of March, 1887, was in effect a vote of exemption, but it was not so intended, and it is not susceptible of that construction. The intention in passing the resolution was merely to test the validity of the vote of March, 1881.

*Petition dismissed.*

ALLEN, CARPENTER, and BLODGETT, JJ., did not sit: the others concurred.